IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO.: **B–14–MJ–968-1** |
| | § | |
| **KEVIN LYNDEL MASSEY** | § | |

ORDER SETTING CONDITIONS OF RELEASE

On **October 24, 2014**, a detention hearing was held before this Court. At the hearing, both Government and Defendant presented their evidence.

This Court has listened to both parties' arguments, and in light of the record and the requirements of 18 U.S.C. §3124, is of the opinion that a **$30,000.00 Unsecured bond**, would reasonably assure the appearance of Defendant at trial and that such a bond is not unreasonable under the provisions of the Bail Reform Act and the facts in this case.

It is therefore ORDERED that Defendant be released upon the posting of a **$30,000.00 unsecured bond**, with the following conditions:

(1) with Pretrial Services Agency supervision - in the Northern District of Texas - Dallas Division;

(2) travel restricted to the Northern District of Texas with permission to travel to Brownsville, Texas for court appearances and attorney visits. No travel into Mexico;

(3) not obtain a U.S. passport or travel document;

(4) maintain or actively seek employment and provide proof to pretrial services;

(5) refrain from possessing a firearm, destructive device or other dangerous weapons; all weapons, destructive devices and ammunition shall be removed from residence prior to release and provide proof to Pretrial Services; defendant shall not be within 12 feet of any weapons, destructive devices or ammunition;

(6) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution of this case including but not limited to co-defendants and any member of "Rusty's Rangers", an armed citizen militia group;

(7) refrain from any use of alcohol;

(8) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 USC 802, unless prescribed by a licensed medical practitioner;

(9) shall consent to be monitored by the form of LMP (Location Monitoring Program) Active GPS (including hybrid GPS) and abide by all the requirements established by the pretrial services officer for the use of this location monitoring technology. The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the Court and Pretrial Services. The form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release. **HOME DETENTION**: Defendant is restricted to his residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court ordered obligations, or other activities as pre-approved by the Pretrial Services Office or supervising officer;

(10) report as soon as possible to the Pretrial Services Officer of any contact with law enforcement.

Until such time that the defendant meets the conditions set above for bond, the defendant is committed to the custody of the Attorney General or his designated representative for confinement

in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done at Brownsville, Texas, this **24th** day of **October, 2014**.

_____
Ronald G. Morgan
United States Magistrate Judge